# Judge Hellerstein



D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the FLSA
Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x

**LOURDES GARCIA, on behalf of herself
and hose similarly situated,**

       **Plaintiffs,**

v.

**THE EXECUTIVE CLUB LLC, D/B/A THE
PENTHOUSE CLUB, THE PENTHOUSE
CLUB, INC.,  ROBERT GANS, and MARK
YACKOW**

       **Defendants.**
------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because

    this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

    ("FLSA").  This Court has supplemental jurisdiction over the claims brought under

    the New York Human Rights Law ("NYSHRL"), N.Y Exec. Law § 296,  New York

City Human Rights Law, Administrative Code of the City of New York § 8-107 *et seq.* ("NYCHRL"), and New York Minimum Wage Law, (NYLL), N.Y. Lab. L. § 650 *et seq.,* because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant The Executive Club LLC is a New York corporation. Defendant The Executive Club LLC operates The Penthouse Club in Manhattan.

5. Defendant The Penthouse Club, Inc. is a New York corporation. Defendant The Penthouse Club, Inc. operates The Penthouse Club located in Manhattan.

6. Defendant Robert Gans is the Owner of the Defendant corporations and exercises sufficient control of their day to day operations to be considered Plaintiffs' employers under the Fair Labor Standards Act and New York state law.

7. Defendant Mark Yackow is the Chief Executive Officer of the Defendant corporations and exercises sufficient control of their day to day operations to be considered Plaintiffs' employers under the Fair Labor Standards Act and New York state law.

8. Plaintiff Lourdes Garcia was employed by Defendants as a cocktail waitress for over five years, ending in or about December 2009.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.  Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, including but not limited to cocktail waitress, server, bartender, barback, busser, and/or runner, on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped and/or managerial employees to share in their tips..

11. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable.

12. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

13. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings the Third and Fourth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, including but not limited to cocktail waitress, server, bartender, barback, busser, and/or runner, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay

minimum wage, overtime, and spread of hours compensation; illegal retention of tips; and illegal deductions from wages. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

20. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

21. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a

great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

22. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

    a.    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law.

    b.    Whether Defendants paid Plaintiffs New York's "spread of hours" premium for days on which the spread of hours exceeded ten (10).

c.    At what common rate, or rates subject to common methods of
calculation, was and are Defendants required to pay the Class
members for their work.

d.    Whether Defendants illegally retained portions Plaintiff

## FACTS

### Wage and Hour Claims

25. Defendants committed the following alleged acts knowingly, intentionally and
willfully.

26. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and
improperly forcing and/or the Plaintiff, the FLSA Collective Plaintiffs and the Class
to share their tips with Defendants' agents would economically injure Plaintiffs and
violated federal and state laws.

27. Defendants paid Plaintiff an hourly rate that is less than the federal minimum wage.
The federal minimum wage is currently $7.25 per hour.

28. Defendants were not entitled to any "tip credit" under the F.L.S.A., because they
illegally retained portions of Plaintiff's tips.

29. Defendants did not pay Plaintiff for one and a half times the appropriate regular rate
for all hours worked in excess of forty per workweek.

30. Defendants illegally retained Plaintiffs' tips. Specifically, Defendants allowed
customers to purchase "funny money" with which to tip Plaintiff and/or other tipped
employees.  The customer could use the funny money as currency and use it to pay
gratuities to the service staff.  However, when the customer gave the funny money to
the tipped employees as gratuities and the tipped employees redeemed this money

with Defendants, Defendants retained a portion of the cash value of the funny money without distributing it to the tipped employees.

31. In addition, Defendants required tipped employees to share all tips with management.

32. Defendants failed to provide Plaintiff and other hourly employees a "spread of hours" premium for every day in which their workday lasted longer than ten hours.

33. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## Discrimination/Retaliation Claims

34. In or about early 2009, Kelly Gerald-Hughes, a general manager at The Penthouse Club, began making sexual advances toward Plaintiff.

35. Specifically, Ms. Gerald-Hughes began to repeatedly touch Plaintiff in a sexual manner on her legs and thighs. Plaintiff repeatedly rejected Ms. Gerald-Hughes' advances and clearly expressed that they were unwelcome, but to no avail, as the advances continued and progressed.

36. Although Ms Gerald Hughes was a general manager and not a dancer, she frequently performed for customers in VIP rooms.

37. When Plaintiff served drinks to VIP rooms in which Ms Gerald-Hughes was dancing. Ms. Geral-Hughes offer to the customers to perform sexual acts with the Plaintiff in front of the customers for a fee.

38. It is Penthouse company policy that cocktail waitresses do not perform sexual acts for or in front of customers at any time. In addition, Plaintiff made clear that she

offended by these advances and that as a cocktail waitress, she had no intention in engaging in any sexual performances.   Despite Plaintiff's complaints, Ms. Gerald-Hughes continues to degrade Plaintiff and offer customers an opportunity to watch Plaintiff and Ms. Gerald-Hughes engage in sexual activity.

39. John Loukas, Manager, repeatedly invited the Plaintiff to his private office alone, where there is no camera, implying that he wanted to have a sexual relationship with the Plaintiff.  He several times told Plaintiff "if you want me to help you, you have to help me.  There are no cameras up here." Each time, his invitations were rejected.

40. Plaintiff complained to Robert Gans on more than one occasion about the sexual harassment she suffered at the hands of Ms. Gerald-Hughes and Mr. Loukas. She was humiliated and degraded by their conduct.

41. Immediately after Plaintiff made these complaints, Ms. Gerald-Hughes approached her and said that she had significant influence over Defendant Mark Yackow, and that she had the ability to retaliate against the Plaintiff if she continued to complain.

42. Sure enough, on December 15, 2009, Defendants terminated Plaintiff's employment in retaliation for her complaints.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Herself and the FLSA Collective Plaintiffs)**

43. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. At all relevant times, the Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

45. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

46. The Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Herself
and the FLSA Collective Plaintiffs)**

47. Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

48. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

49. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage, for hours worked in excess of forty (40) hours per workweek.

50. The Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. § 196-d Brought by Plaintiff on Behalf of Herself and the Class)**

51. Plaintiff, on behalf of herself and the Class, realleges and incorporate by reference all previous paragraphs.

52. Defendants retained and/or misappropriated to managers portions of Plaintiff's and Class Members' tips.

53. As a result of Defendants' willful and unlawful conduct, Plaintiff and Class Members are entitled to an award of damages, including damages, in an amount to be determined at trial and attorneys' fees.

54. Plaintiff does not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7 Brought by Plaintiffs on Behalf of Herself and the Class)**

55. Plaintiff, on behalf of herself and the Class, realleges and incorporate by reference all previous paragraphs.

56. Plaintiff and Class Members regularly worked more than 10 hours in a workday.

57. Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, including liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

59. Plaintiff does not seek liquidated damages for this claim.

## FIFTH CLAIM FOR RELIEF
## NYSHRL- DISCRIMINATION

60. Plaintiff incorporates by reference each allegation of each preceding paragraph.

61. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiff by subjecting Plaintiffs to a sexually harassive hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment.

62. Defendants also discriminated against by Plaintiff by terminating because of her rejection of sexual advances.

63. As a result of Defendants' discrimination, Plaintiff is entitled to monetary damage and compensatory damages, including emotional distress.

## SIXTH CLAIM FOR RELIEF
## NYSHRL- RETALIATION

64. Plaintiff incorporates by reference each allegation of each preceding paragraph.

65. In violation of NYSHRL, Defendants intentionally retaliated against Plaintiff for complaining about sexual harassment by terminating her employment.

66. As a result of Defendants' discrimination, Plaintiff is entitled to monetary damage, including backpay and frontpay and compensatory damages, including emotional distress.

## SEVENTH CLAIM FOR RELIEF

## NYCHRL- DISCRIMINATION

67. Plaintiff incorporates by reference each allegation of each preceding paragraph.

68. In violation of NYCHRL, Defendants intentionally discriminated against Plaintiff on the basis of her gender by subjecting Plaintiff to a sexually harassive hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment.

69. Defendants also discriminated against by Plaintiff by terminating because of her rejection of sexual advances.

70. As a result of Defendants' discrimination, Plaintiff is entitled to monetary damage and compensatory damages, including emotional distress and punitive damages.

### EIGHTH CLAIM FOR RELIEF
### NYCHRL- RETALIATION
### (Brought by Plaintiffs Mateo, Fernandez and  Adams)

71. Plaintiff incorporates by reference each allegation of each preceding paragraph.

72. In violation of NYCHRL, Defendants intentionally retaliated against Plaintiffs for complaining about sexual harassment by drastically reducing their shifts and/or terminating their employment.

73. As a result of Defendants' discrimination, Plaintiff is entitled to monetary damage, including backpay and frontpay and compensatory damages, including emotional distress, and punitive damages.

WHEREFORE, Plaintiff prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

D.    An award of front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendants;

E.    An award of compensatory damages for the emotional distress caused by Defendant's discrimination and harassment against Plaintiff;

F.    An award of punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

G.    Penalties available under applicable laws;

H.    Costs of action incurred herein, including expert fees;

I.    Attorneys' fees, including fees pursuant to applicable statutes;

J.    Pre-Judgment and post-judgment interest, as provided by law; and

K. Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

Dated:  New York, New York
February 4, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: _____
         D. Maimon Kirschenbaum

757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action
members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to
which they have a right to jury trial.